IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00047-MSK-MJW

BRIAN L. BROWN,

    Plaintiff,

v.

MICHAEL K. NALLEY, Regional Director,
R. WILEY, (former) Warden FLP,
E. J. GALLEGOS, Warden USP LVN,
DR. C. POLLAND, Supervisor US Health Srv.,
DR. E. HUTCHINSON, US Health Serv, Psychology,
DR. M. K. LEWIS, US Health Psychology,
DR. JOE ZONO, US Health Serv, Psychology,
LT. (FNU) FITSGERALD, Special Investigator,
LT. (FNU) MOLINA, SHU Supervisor,
MS. (FNU) BORGES, Bravo A Counselor (former),
MICHAEL GRAY, Alpha One Case Manager, USP LVN,
SO. ERNIE ROMERO, SHU Property Officer,
MR. (FNU) FREEMAN, Education Staff, and
MR. (FNU) ALLEN, US Health Serv. EMT,
MR. SAM LACY, USP Leavenworth, and
MS. SANTOS-COLLI, PA, US Health Services,

    Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,
CONSTRUING AS A MOTION FOR PRELIMINARY INJUNCTION,
AND DIRECTING SERVICE OF THE MOTION**

---

THIS MATTER comes before the Court on the Plaintiff's "Notice of Assault Setup by Defendants" **(#30)**. Although neither styled as a motion nor clearly requesting specific relief, the Court liberally construes this document because the Plaintiff is *pro se*. Construed most favorably to the Plaintiff, the Court treats this document as a motion for a temporary restraining order or for

a preliminary injunction.

Considering it as such, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff asserts that the Defendants assigned him a new cellmate who assaulted him. He contends that the Defendants made the cell assignment with the purpose of causing the assault. The Plaintiff fears that he will be assaulted in the future. He requests an emergency hearing and an order that will prevent further assaults.

As noted, the Court will treat the document as a motion brought pursuant to Fed. R. Civ. P. 65. According to the Court's file, only three Defendants appear to have been served with process, and the Court cannot determine whether any of the Defendants received notice of the pending motion. Thus, this motion is treated as one without prior notice to the opposing parties.

A motion for a temporary restraining order is governed by Fed. R. Civ. P. 65(b), which provides in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

To obtain temporary injunctive relief without notice to the opposing parties, the Plaintiff must submit an affidavit establishing the efforts that he has made to give notice and that an immediate and irreparable injury, loss, or damage will result before the opposing party can be heard in opposition. There is no affidavit meeting these requirements and construing the allegations of the

motion as an affidavit they remain inadequate.  Although the Court is sympathetic to the fears of the Plaintiff, the Defendants must have notice and the opportunity to respond.  Indeed, notice to the Defendants may be the most effective way to prevent further problems.

Therefore, the Court denies the Plaintiff's request for a temporary restraining order without notice.  The Court instead construes this motion as a motion for a preliminary injunction, which must be served and to which the Defendants should have the opportunity to respond.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's motion for a temporary restraining order is **DENIED**.

(2) The Court treats the "Notice of Assault Setup by Defendants" **(#30)** as a motion for a preliminary injunction.

(3) The Clerk of Court shall have the U.S. Marshal **immediately** serve the motion and Order on the Defendants and shall also mail or electronically serve a copy of the motion **(#30)** and this Order on the U.S. Attorney in this District.

(4) The Defendants shall respond to the motion within ten days of the date of this Order.

Dated this 19th day of April, 2006

                                              **BY THE COURT:**

*Marcia S. Krieger*
_____

                                              Marcia S. Krieger
                                              United States District Judge