IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00047-MSK-MJW

BRIAN L. BROWN,

    Plaintiff,

v.

MICHAEL K. NALLEY, Regional Director,
R. WILEY, (former) Warden FLP,
E. J. GALLEGOS, Warden USP LVN,
DR. C. POLLAND, Supervisor US Health Srv.,
DR. E. HUTCHINSON, US Health Serv, Psychology,
DR. M. K. LEWIS, US Health Psychology,
DR. JOE ZONO, US Health Serv, Psychology,
LT. (FNU) FITSGERALD, Special Investigator,
LT. (FNU) MOLINA, SHU Supervisor,
MS. (FNU) BORGES, Bravo A Counselor (former),
MICHAEL GRAY, Alpha One Case Manager, USP LVN,
SO. ERNIE ROMERO, SHU Property Officer,
MR. (FNU) FREEMAN, Education Staff, and
MR. (FNU) ALLEN, US Health Serv. EMT,
MR. SAM LACY, USP Leavenworth, and
MS. SANTOS-COLLI, PA, US Health Services,

    Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

THIS MATTER comes before the Court on a Recommendation **(#131)** of the Magistrate Judge that the Plaintiff's claims be dismissed, without prejudice, based upon his failure to either make payments toward the filing fee or to show cause in accordance with the Court's prior Orders. The Plaintiff has filed a "Notice of Continued Indigency and Motion for the Court to Accept 6 Month Prior Accounts for any Previous Notices Not Yet Complied With" **(#136)**, which

the Court construes as an objection to the Recommendation. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiff, who is a federal prisoner, commenced this action on January 12, 2006. In addition to his Complaint, the Plaintiff also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **(#1)**. With that motion, he provided a document entitled "Federal Bureau of Prisons, TRUFACS, View Inmate Transactions, Sensitive But Unclassified." That document showed that he had no money in his prisoner account as of December 12, 2005. Such statement also showed deposits and transfers of funds in the amount of 28 cents each. The statement was signed by the Plaintiff's correctional counselor, Diane (last name illegible).

In the Order Directing Clerk to Commence Civil Action and Directing Plaintiff to Cure Deficiency **(#2),** the Court stated that the Plaintiff's motion **(#1)** was deficient because the Plaintiff failed to submit a certified copy of his trust fund statement for the 6-month period immediately preceding the filing of his complaint. It noted that the provided account statement did not cover the entire 6-month period. The Order provides: "if the Plaintiff fails to cure the designated deficiencies within thirty (30) days from the date of this order, the complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice."

In accordance with that Order, the Plaintiff filed a document entitled "Inmate Statement" **(#4)** on February 10, 2006. That document is stamped with a prison stamp and signed by a prison

employee (name illegible). It shows that the Plaintiff's account balance between August 19, 2005 and February 2006 did not exceed 28 cents.

On February 14, 2006, the Court then issued an Order Granting 28 U.S.C. § 1915 Motion **(#6)**. The Order provides, in relevant part:

> [U]ntil the filing fee is paid in full, Mr. Brown shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. . . . In order to show cause, Mr. Brown must file a current certified copy of his trust fund account statement. . . . [I]f Mr. Brown fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

On March 27, 2006, the Plaintiff filed a document entitled "Inmate Statement" **(#21)** dated March 3, 2006. The document was not certified, but it showed that the Plaintiff's account balance was 28 cents. The Court did not alert him to the deficiency of this filing.

On April 28, 2006, the Plaintiff moved **(#47)** for an extension of time to provide his account statement. The Magistrate Judge granted **(#52)** the motion and gave the Plaintiff until May 26, 2006 to submit his monthly payment or show cause why he has no assets.

On May 10, 2006, the Plaintiff moved **(#62)** for another extension of time to provide his account statement. The Magistrate Judge granted **(#66)** the motion and gave the Plaintiff until June 16, 2006 "to submit his appropriate monthly payment or show cause why he has no assets and no means by which to make the monthly payment for the months of April, May, and June 2006."

On May 17, 2006, the Plaintiff filed Inmate Statements **(#67, #68)** showing an account

3

balance of 28 cents as of October 7, 2005, through May 9, 2006. The documents were not certified by a prison official but were sworn to by the Plaintiff in the presence of a notary public. As previously, the Court did not inform the Plaintiff that the certification was insufficient.

On July 17, 2006, the Plaintiff filed an additional motion **(#104)** for an extension of time to submit his inmate account statements. On July 18, 2006, the Magistrate Judge granted **(#109)** the motion and gave the Plaintiff until August 15, 2006 to make an appropriate submission for the months of June, July and August.

The Plaintiff failed to submit either the monthly payment for those three months or a certified copy of his inmate account statement by the deadline. Therefore, on September 19, 2006, the Magistrate Judge issued a recommendation **(#131)** that the Plaintiff's claims be dismissed, without prejudice, because he failed to comply with the July 18 Order **(#109)**.

The Plaintiff then filed a "Notice of Continued Indigency and Motion for the Court to Accept 6 Month Prior Accounts for any Previous Notices Not Yet Complied With" **(#136)**. He states that he has had difficulty complying with the Court's prior orders because he has been transferred from one facility to another multiple times. He attaches to his Notice a document entitled "Inmate Inquiry" which indicates an account balance of 28 cents over the 6 months prior to August 30, 2006. This document is not certified.

### III.  Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have

been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). During *de novo* review, a district court is not required to make specific findings and instead may simply indicate that it has undertaken the requisite review. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

Because the Plaintiff is *pro se*, the Court construes his complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be the Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**IV. Analysis**

The Plaintiff was granted leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. That statute allows a prisoner to commence a civil action without prepayment of the filing fees if he: (1) files an affidavit which includes a statement of all his assets and a statement that he is unable to pay the filing fee, 28 U.S.C. § 1915(a)(1); (2) files a certified copy of his trust fund account statement (or an "institutional equivalent") for the 6-month period which precedes the filing of the complaint – such document must be "obtained from the appropriate official of each prison at which the prisoner is or was confined", 28 U.S.C. § 1915(a)(2); and (3) makes monthly payments of the filing fee in the amount of 20% of the greater of the average monthly deposits to his account, or the average monthly balance in his account for the 6-month period preceding the filing of the complaint, 28 U.S.C. § 1915(b)(1). However, the statute also provides that a prisoner who is unable to make payments because he has no assets shall not be prohibited from pursuing civil claims on the basis that he has failed to pay the filing fee. 28 U.S.C. § 1915(b)(4).

To ensure compliance with that statute, this Court required the Plaintiff to make payments

of the filing fee or otherwise show cause by filing "a current certified copy of his trust fund account statement" on a monthly basis. Between February 10 and May 17, 2006, the Plaintiff substantially complied with this requirement by submitting account statements of varying types **(#4, #21, #67, #68)** to the Court. At times, the account statements were not certified by a prison official, but the Court did not inform him about this deficiency.

Since May 17, the Plaintiff has not complied with this requirement. He failed to comply with the Magistrate Judge's July 18 Order because he did not provide a certified copy of his inmate account statement by August 15, 2006. Consequently, the Magistrate Judge issued a recommendation **(#131)** that the Plaintiff's claims be dismissed, without prejudice. The Plaintiff then submitted an uncertified copy of a document **(#136)** which is not an account statement but which indicates that his account balance of 28 cents has not changed in approximately one year.

This document is insufficient to meet the Plaintiff's obligations as set forth in the February 14 and July 18 Orders. Nevertheless, the Court will give the Plaintiff one final opportunity to comply with those Orders before resorting to the remedy of dismissal.

**IT IS THEREFORE ORDERED** that:

(1) No later than **October 31, 2006**, the Plaintiff shall either pay the complete filing fee or file a copy of his Inmate Statement reflecting all account activity between March 27, 2006 and the date of this Order. Such document must be certified by an appropriate official of the prison where the Plaintiff is confined. **This deadline will not be extended.**

(2) Failure to comply with this Order may result in the dismissal of the Plaintiff's claims, without prejudice and without further notice.

6

(3)     For the reasons set forth herein, the Court declines to adopt the Magistrate Judge's recommendation **(#131)**.

Dated this 12th day of October, 2006

                                      **BY THE COURT:**

                                  *[signature: Marcia S. Krieger]*

                                  Marcia S. Krieger
                                  United States District Judge