IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00047-MSK-MJW

BRIAN L. BROWN,

    Plaintiff,

v.

MICHAEL K. NALLEY; et al.,
    Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT [sic] ON MICHAEL NALLEY
FED. R. CIV. P. 55(a) (Docket Nos. 81 and 120)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Judge Marcia S. Krieger on March 13, 2006 (Docket No. 15).

Now before the court for recommendation is the pro se incarcerated plaintiff's Application To Clerk of Court and Motion for Default Judgement [sic] on Michael Nalley Fed. R. Civ. P. 55(a) which was filed on May 31, 2006 (Docket No. 81), and again on August 18, 2006 (Docket No. 120).  The court has considered the motion, response thereto (Docket No. 90), applicable Federal Rules of Civil Procedure, and case law. The court now being fully informed makes the following findings, conclusions, and recommendation.

In his motion, the plaintiff asserts that on March 13, 2006, the Clerk of the Court successfully executed service of process upon defendant Michael K. Nalley (Docket

No. 19) and that the defendant was ordered by this court to respond no later than April 3, 2006 (Docket No. 19), but refused to do so.  In addition, plaintiff states that defense counsel has not responded to any court orders for process of waivers despite order of this court (Docket No. 14).  Plaintiff claims that defense counsel has acknowledged receipt of waivers in her motion to dismiss but is delaying justice by refusing to return them to the court.  Plaintiff moves pursuant to Fed. R. Civ. P. 55(a), 55(b)(3), and 54(c) for a hearing on uncontested claims and entry of default judgment of $100,000 per claim.

A review of the docket shows that Docket No. 19 is a Certified Mail Receipt indicating that an article from the Clerk of the Court, presumably the Complaint, Summons, and Waiver, addressed to the Regional Director, was delivered on March 13, 2006.  In addition, on June 8, 2006, defendant Nalley filed a Waiver of Service of Summons and Complaint, which purportedly was executed on June 6, 2006 (Docket No. 88).  Furthermore, on June 19, 2006, Nalley then filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and (6) (Docket No. 91).  The Clerk of the Court has not entered a default against defendant Nalley.

Rule 4(d)(3) of the Federal Rules of Civil Procedure provides in relevant part that "[a] defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver was sent . . . ."  Pursuant to this Rule, it appears that defendant Nalley's Motion to Dismiss was not timely filed.  Nevertheless, even if a default should enter, it should also be set aside.

3

Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "[T]he principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Mountain States Mut. Cas. Co. v. Kirkpatrick, 2006 WL 2092073 (D. Colo. Jul. 25, 2006) (quoting Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995)). "This list is neither exclusive nor conclusive, and the decision to set aside the entry of default is one within [the court's] discretion." Id. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995). Furthermore, "[j]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997). "Default judgments, to be certain, are disfavored." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

In this case, there is no indication that there is any culpable conduct on the part of the defendant. Furthermore, this case is still in the early stages, and plaintiff will suffer no prejudice by not entering a default. Finally, it appears that the defendant may very well have presented a meritorious defense. Therefore, even if a default were entered, it should be vacated, and plaintiff's motion should be denied. Based on this finding, it is unnecessary to address defendant's additional bases for denial of plaintiff's

motion.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Application To Clerk of Court and Motion for Default Judgement [sic] on Michael Nalley Fed. R. Civ. P. 55(a) which was filed on May 31, 2006 (Docket No. 81), and again on August 18, 2006 (Docket No. 120), be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: November 22, 2006          s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                          United States Magistrate Judge