IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00047-MSK-MJW

BRIAN L. BROWN,

       Plaintiff,

v.

MICHAEL K. NALLEY, Regional Director,
R. WILEY, (former) Warden FLP,
E. J. GALLEGOS, Warden USP LVN,
DR. C. POLLAND, Supervisor US Health Srv.,
DR. E. HUTCHINSON, US Health Serv, Psychology,
DR. M. K. LEWIS, US Health Psychology,
DR. JOE ZONO, US Health Serv, Psychology,
LT. (FNU) FITSGERALD, Special Investigator,
LT. (FNU) MOLINA, SHU Supervisor,
MS. (FNU) BORGES, Bravo A Counselor (former),
MICHAEL GRAY, Alpha One Case Manager, USP LVN,
SO. ERNIE ROMERO, SHU Property Officer,
MR. (FNU) FREEMAN, Education Staff, and
MR. (FNU) ALLEN, US Health Serv. EMT,
MR. SAM LACY, USP Leavenworth, and
MS. SANTOS-COLLI, PA, US Health Services,

       Defendants.

---

## ORDER ON MOTIONS

---

THIS MATTER comes before the Court on the following motions:

(1)    The Plaintiff's motions for default judgment against Defendant Nalley (**#81, #120**), to which Defendant Nalley responded (**#90, #128**), and which the Magistrate Judge recommends should be denied (**#149**). The Plaintiff has filed an Objection (**#170**).

(2)    The Plaintiff's motion (**#111**) to strike Defendant Nalley's motion to dismiss, to which Defendant Nalley responded (**#116**).

(3)     The Plaintiff's motion (**#112**) requesting a hearing on the issue of default and other "new issues that threaten the very life Brown lives," to which all Defendants responded (**#117**).

(4)     The Plaintiff's motion (**#162**) for a law and motion hearing, to which the Defendants responded (**#166**).

(5)     The Plaintiff's motion (**#168**) for a law and motion hearing regarding his property, to which no response has yet been filed.

(6)     The Plaintiff's motion (**#119**) asking the Court to strike "answers," requesting a hearing to determine whether administrative remedies are available, and asking the Court to hold the Defendants in contempt of the Court, to which the Defendants responded (**#126**).

(7)     The Plaintiff's motion (**#122**) to hold the Defendants in contempt for failing to serve the Complaint on Defendant S. Allen - EMT, to which the Defendants responded (**#130**).

(8)     The Plaintiff's motion (**#147**) for various relief, to which the Defendants did not respond.

(9)     The Plaintiff's motion (**#158**) seeking leave to challenge the constitutionality of this Court's Order requiring him to submit certified copies of his account statement, to which the Defendants responded (**#165**).

(10)    The Plaintiff's motion (**#156**) to amend his Complaint, to which the Defendants did not respond.[1]

(11)    The Plaintiff's motion (**#155**) to withdraw Claims 7, 9, 12, 14 and 15 in the Original Complaint, to which the Defendants responded (**#161**).

(12)    The Plaintiff's motion for an extension of time to file a certificate of review, and for the appointment of counsel (**#153**), to which the Defendants responded (**#160**).

---

[1] Curiously, the Defendants state in two different filings (**#160, #164**) that they have filed a response in opposition to this motion. Both such filings reference (**#160**), which is a response to a different motion. The best that the Court can discern is that the Defendants oppose further amendment of the Complaint.

This motion was referred to the Magistrate Judge for determination. At this juncture, the Court withdraws the reference of this motion. The Court also withdraws the reference of motions **#153** and **#155**, addressed below.

(13)     The Defendants' motions to dismiss the Plaintiff's claims (**#77, #91, #94, #95, #96, #97, #98, #100, #101, #125 and #146**).

Having liberally construed all of the Plaintiff's filings in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds and concludes as follows.

## I.  Motions for Default Judgment (#81, #120)

The Plaintiff moves for the entry of default judgment against Defendant Nalley.  Defendant Nalley opposes both motions, and asserts, *inter alia*, that there was no proper service of the Complaint upon him when the Plaintiff first moved for a default judgment.

The Plaintiff commenced this action in January 2006.  The Court ordered (**#14**) that the United States Marshal serve the Complaint (**#3**) on all Defendants, but authorized the Clerk of Court to first make an attempt to obtain waivers of service from the Defendants.  As to Defendant Nalley, the Clerk of Court attempted to obtain a waiver of service by mailing the Complaint to him in March 2006 (**#19**),[2] but Defendant Nalley did not waive service until more than 60 days later on June 5, 2006 (**#88**).  Defendant Nalley filed a motion to dismiss (**#91**) on June 19, 2006.

The Magistrate Judge recommends that both motions be denied.  He concludes that, pursuant to Fed. R. Civ. P. 4(d)(3), Defendant Nalley's motion to dismiss does not appear to be timely filed because it was filed more than 60 days after the request for a waiver was received by Defendant Nalley's agent.  Based upon this assumption, he then concludes that if a default were entered against Defendant Nalley, it should be set aside for a variety of reasons, including that a

---

[2] The Plaintiff's motions for default judgment are premised upon language appearing at docket entry 19, which states: "SUMMONS Returned Executed by Brian L. Brown. Michael K. Nalley served on 3/13/2006, answer due 4/3/2006."  This language was erroneously selected by the docketing clerk to characterize the filing.  The document filed at docket entry 19 is a receipt for a certified mailing. It does not show valid service of process upon Defendant Nalley, nor does it order an Answer to be filed.

default judgment should not be entered without a determination as to personal jurisdiction, which is contested by Defendant Nalley.

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). When no timely objections are filed, the Court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, the Plaintiff filed an objection to the Recommendation. It does not appear that he timely filed such objection. Nevertheless, the Court elects *de novo* review.

At the time the Plaintiff filed his first motion for the entry of default judgment, there had been no service of a summons and the Complaint upon Defendant Nalley. At the time he filed his second motion for the entry of default judgment, Defendant Nalley had waived service but had also filed a motion to dismiss. Therefore, no default or default judgment may enter against Defendant Nalley, because he has proceeded with his defense in this case.

The Court declines to adopt the Magistrate Judge's analysis, which is premised upon the assumption that the motion to dismiss was not timely filed under Fed. R. Civ. P. 4(d)(3). By its express terms, that rule applies when a waiver was timely filed. Rule 4 does not address the circumstance presented here. Defendant Nalley filed his waiver more than 60 days after it was received by an agent of the Bureau of Prisons. Sued for his actions as an employee of a federal agency, Defendant Nalley was not required to waive service and could have awaited formal

4

service of process. *See* Fed. R. Civ. P. 4(d)(2) (obligation to waive service is limited to specified groups of individuals, excluding employees of federal agencies); Advisory Committee Notes, 1993 Amendments (no expectation that government employees will waive service). The Court will not punish his decision to waive service by foreclosing his right to defend in this lawsuit when he has clearly expressed his intention to do so by moving to dismiss the claims against him. The Court therefore denies the Plaintiff's motions for the entry of default judgment against Defendant Nalley.

## II. Motion to Strike (#111)

The Plaintiff moves to strike Defendant Nalley's motion to dismiss **(#91)** on the basis that it was not timely filed and Defendant Nalley is in default. The Court has already concluded that Fed. R. Civ. P. 4(d)(3) is not applicable, and that no default judgment may enter against Defendant Nalley. Therefore, the motion to strike is denied.

## III. Motions for Hearing (#112, #162, #168)

### A. First Motion (#112)

The first motion is entitled "Objection - Denial of Due Process," but the Court liberally construes it as a motion for a hearing. The Plaintiff requests a hearing on the issue of Defendant Nalley's default, and on "new issues that threaten the very life [he] lives." In response, the Defendants contend that no hearing is necessary.

To the extent that the Plaintiff seeks a hearing on the issue of his request for the entry of a default judgment against Defendant Nalley, no hearing is required because the entry of a default judgment is inappropriate for the reasons discussed above.

Most of this motion addresses the Plaintiff's objection to the fact that the Court held a law and motion hearing on May 31, 2006, outside of his presence. The Plaintiff contends that he was

5

prevented from appearing at the May 31, 2006 hearing by prison staff at USP Florence. The Plaintiff was given notice of that hearing and had permission to appear by telephone, but he did not appear and the hearing proceeded without him. Minutes from the hearing were mailed to the Plaintiff. His motion for a hearing does not identify any specific issues addressed during the May 31 hearing which should be revisited by the Court. Therefore, the Court notes the Plaintiff's objection, but finds that no hearing is required with regard to the issues addressed at the May 31, 2006 hearing. Neither is a hearing required on the issue of whether staff at USP Florence prevented him from attending the hearing, because the Plaintiff is no longer housed there.

In his motion, the Plaintiff also contends that the Defendants moved him to USP Pollock, where he is not safe due to the presence of gang members. However, apart from the general request for a hearing, the motion makes no request for relief with regard to the Plaintiff's housing assignment. The Plaintiff is now housed at USP Coleman, in Florida (**#167**). Therefore, the Plaintiff's motion identifies no specific issues which require a hearing, and the motion is denied.

## B. Second Motion (#162)

The second motion is actually a one-page letter written by the Plaintiff which contains a request for a law and motion hearing. He complains that he has been denied access to this Court because he has been denied photocopies, postage, phone calls, and administrative remedies.

In response to this motion, the Defendants filed a 7-page response brief and 68 pages of exhibits. They contend that the Plaintiff has failed to exhaust administrative remedies on a claim of denial of access to the courts, and that he has no constitutional right to an unlimited number of photocopies, postage, or phone calls at government expense.

The Plaintiff previously raised identical concerns in a motion filed September 16, 2006

(#133).  The Magistrate Judge denied (#135) that motion, advising the Plaintiff that he should address such concerns through the administrative remedy process.  The Plaintiff now contends that he has been denied administrative remedies.

The Court does not view the Plaintiff's motion as an attempt to amend his Complaint to assert a claim of denial of access to the courts.  Rather, the Court views it as a request for assistance in accessing this Court in this case.  The problem, however, is that the Plaintiff does not specify what photocopies, postage, or phone calls he has been denied, or how it has impacted his ability to prosecute his claims.  In other words, his motion is too conclusory to demonstrate that a hearing is required.  Therefore, this motion is denied.

## C.  Third Motion (#168)

This motion has no title and consists of a letter to the undersigned judge.  The Plaintiff complains that when he was recently en route to USP Coleman and being housed at the Transfer Center, his property (including legal papers) did not accompany him to the Transfer Center.  He asks the Court to hold a law and motion hearing to address whether the Defendants should be sanctioned.  The Defendants have not had an opportunity to respond to this motion.  Therefore, the Court reserves ruling on it at this juncture.

## IV.  Motion to Strike, for Hearing, and to Hold Defendants in Contempt (#119)

This motion relates primarily to the Plaintiff's transfer to USP Pollock in June 2006.  He claims that while he was at USP Pollock, he was placed in the special housing unit because there were other inmates who presented a risk of harm to him.  He contends that Captain F. Jefferson lied in an affidavit submitted to this Court when he stated, *inter alia*, that the Plaintiff was placed

in the special housing unit for poor behavior, and that the Plaintiff demanded a single cell at USP

Pollock.  He asks that Captain Jefferson be sanctioned for these and other allegedly false

statements.  He also complains that other prison staff tried to place him in a cell containing

inmates who presented a threat of harm to him, and asserts that his placement at USP Pollock

amounted to a deliberate attempt on his life.  He contends that he has attempted to address these

issues through the administrative remedy process, but has been denied access to it.

      The Plaintiff also seeks other relief in his motion.  He asks the Court to "strike answers,"

but identifies no specific documents to strike.  He also asks for a hearing to address whether he

has been denied administrative remedies at USP Pollock.

      The Defendants respond that there is no basis for striking any document they have filed

with the Court.  They further contend that the Plaintiff has been afforded access to the

administrative remedy process at USP Pollock.

      To the extent that the Plaintiff asks the Court to sanction Captain Jefferson, the Court

declines to do so.  Captain Jefferson is not a party to this litigation, and his allegedly false

statements are not material to any matter pending before the Court.  The Plaintiff's other

complaints relating to USP Pollock are moot since he is no longer housed there.  His request to

"strike answers" is not directed at any particular filing, and thus cannot be granted.  Therefore,

this motion is denied.

### V.  Motion to Hold Defendants in Contempt (#122)

Entitled "Motion to Show Cause," this motion seeks to hold the Defendants in contempt for allegedly refusing to serve a summons and the Complaint upon Defendant S. Allen - EMT. The Plaintiff states that the Defendants have falsely claimed that S. Allen does not exist.  The Defendants respond that they have made no such claim, and instead have only represented that Defendant Allen has not been served.  To their belief, S. Allen was not an employee of the Bureau of Prisons, but they have located an employee named Stacey Allen, who waived service of process on September 7, 2006.  Because Stacey Allen has been identified and served with process, this motion is denied, as moot.

### VI.  Motion for Various Relief (#147), and Motion to
### Challenge Constitutionality of Order (#158)

The first motion (**#147**) is entitled "Motion to Take Leave of Court Pending Administrative Remedy Procedures."  It is concerned with the alleged refusal of prison employees at USP Beaumont in Texas to certify the Plaintiff's inmate account statements to enable his compliance with this Court's Orders requiring him to demonstrate indigency.  He contends that this has blocked his access to the courts, and he requests that the Court: (1) give him an opportunity to file grievances on this issue; or (2) appoint him counsel; or (3) hold a law and motion hearing; or (4) transfer him to FCI Englewood; or (5) issue a writ of habeas corpus ad testificandum.  The Defendants filed no response to this motion.

The second motion is entitled "Motion for Permission to Take Leave of Court for Constitutional Challenge of Court Order."  In this motion, the Plaintiff challenges the constitutionality of this Court's October 12, 2006 Order (**#138**) requiring him to submit certified

copies of his inmate account statements.  As previously, he complains that prison employees at USP Beaumont have refused to provide him with certified copies of his inmate account statements.  However, in this motion, he contends that the dismissal of his claims for failing to provide certified account statements would be unconstitutional.

The Defendants responded only to the second motion.  They contend that the account statements submitted by the Plaintiff were supplied to him by Bureau of Prisons ("BOP") personnel, and they ask that no additional certification requirements be placed on the BOP.  They also construe the Plaintiff's motion as one for reconsideration, and contend that there is no good cause to reconsider the October 12 Order's requirement for the Plaintiff to submit certified copies of his account statements.

There is no dispute that BOP employees have only provided the Plaintiff with printouts of his account statements.  These printouts do not contain any sort of certification as required by 28 U.S.C. § 1915(a)(2), although the Defendants represent that they are authentic.  However, any refusal by BOP employees to certify the Plaintiff's account statements has not impeded his ability to prosecute this case, because the Court has not dismissed his claims for failing to provide certified account statements.  In light of the Defendants' representations, the Court deems the October 12 Order to be satisfied by what the Plaintiff submitted.  As a consequence, the Plaintiff's challenge **(#158)** to the constitutionality of that Order is denied.  However, the Plaintiff is not relieved of the requirement to submit account statements on a monthly basis, as required by the Order dated February 14, 2006 **(#6)**.

With regard to the Plaintiff's request for the appointment of counsel, the Court concludes that it is proper to revisit this issue.  Previously, the Magistrate Judge denied **(#109)** a motion by

10

the Plaintiff for the appointment of counsel because it appeared that the Plaintiff was able to present his case adequately at that stage of the litigation. This no longer appears to be the case.

In considering a civil plaintiff's motion for the appointment of counsel, the Court is guided by the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). These include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (citations and quotations omitted). It is the third factor – the Plaintiff's ability to present his claims – which concerns the Court at this juncture.

The Plaintiff did not appear at the May 31, 2006 law and motion hearing, either because he was prevented from doing so, or because he did not understand his obligations. This litigation has taken on massive proportions; there are eleven pending motions to dismiss, and the law governing the motions is ever-evolving. *See, e.g. , Jones v. Bock,* _ U.S. _, _ S. Ct. _, 2007 WL 135890 (Jan. 22, 2007) (addressing PLRA exhaustion); *see also* Defendants' Notice of Supplemental Authority filed October 17, 2006 **(#139)**. The Plaintiff has filed numerous motions to address what he perceives to be on-going inequities; they are not well-focused, and most have been countered by responses with attached affidavits. In the last year, the Plaintiff has thrice been transferred to various prisons outside of Colorado (USP Pollock, USP Beaumont, and USP Coleman). The Plaintiff has been unable to obtain certified copies of his account statements, because BOP employees will not certify them. In light of these circumstances, the Court concludes that the Plaintiff's request for the appointment of counsel should be granted.

Because he is likely unfamiliar with the process by which *pro bono* counsel is appointed, the Court advises the Plaintiff that the granting of his request for appointed counsel does not

necessarily mean that an attorney will appear on his behalf in this case.  In response to this Order, the Clerk of Court will contact each eligible attorney on its *pro bono* panel, and advise them that the Court has identified this case as one in which *pro bono* assistance might be appropriate.  Each attorney on the panel will have the opportunity to review the Complaint and other proceedings filed to date in this case and determine whether the case is consistent with the attorney's expertise and experience, whether there may be claims worth pursuing, whether the amount of work necessary to pursue the case can be achieved given the attorney's other matters, and so on.  Each attorney on the *pro bono* panel will have the opportunity to decide whether to accept or deny appointment in this case.  If no attorney on the panel volunteers to appear as counsel for the Plaintiff, the Plaintiff will continue *pro se*, notwithstanding this Court's finding that an attorney can be appointed.  In other words, the Court will not <u>force</u> an attorney to represent the Plaintiff. Rather, this Order merely gives the attorneys on the panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the Plaintiff.  If an attorney agrees to representation, or, if after a canvassing of the entire panel of eligible *pro bono* attorneys, no attorney agrees to accept appointment, the Clerk of Court will advise all parties of that fact.

Because the foregoing explains why this Order does not guarantee that a *pro bono* attorney will ultimately appear for the Plaintiff, the Court further advises the Plaintiff that <u>unless and until an attorney agrees to represent him and enters an appearance on his behalf, he remains personally responsible to comply with the Court's Orders and deadlines, and to take all other actions necessary to continue to pursue this case</u> as if proceeding on his own.  Moreover, because of the possibility that no attorney might volunteer, the Court will not consider the fact that *pro*

*bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.

## VII.  Motion to Amend Complaint (#156)

The Plaintiff seeks leave of the Court to file a First Amended Complaint.  The Defendants apparently oppose the motion (***see*** **#164**) because they are "harmed by the prospect of having to submit new motions to dismiss[.]"

Pursuant to Fed. R. Civ. P. 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]" A motion to dismiss is not a "responsive pleading."  *See Brever v. Rockwell Intern. Corp.,* 40 F.3d 1119, 1131 (10th Cir. 1994).  No Defendant has filed an Answer in this case.  Therefore, as a matter of right, the Court must allow the Plaintiff to amend his Complaint.  Consequently, the motion to withdraw claims **(#155)** asserted in the Original Complaint is moot.

The Defendants filed numerous, duplicative motions to dismiss the claims in the original Complaint.  **(#77, #91, #94, #95, #96, #97, #98, #100, #101, #125 and #146**).  All such motions are now moot.  The Defendants have expressed their anticipation that they will file motions to dismiss the Amended Complaint.  To the extent that they do so, they shall file a single motion incorporating all arguments asserted by all Defendants, not to exceed 30 pages in length.

## VIII.  Motion for Extension of Time

The Plaintiff moves for an extension of time to provide a certificate of review to support a medical negligence claim in compliance with § 13-20-602, C.R.S.[3]  The Defendants oppose this

---

[3] He also moves for the appointment of counsel.  The Court has already granted such request.

motion for reasons not apparent in the record.[4]  Because the Court has allowed the Plaintiff to

amend his Complaint and has granted his request seeking the appointment of counsel, the Court

also grants the Plaintiff an extension of time to provide a certificate of review.

**IT IS THEREFORE ORDERED** that:

(1)      The Plaintiff's motions for default judgment against Defendant Nalley **(#81, #120)**

are **DENIED**. For the reasons stated herein, the Court declines to adopt the

Magistrate Judge's Recommendation **(#149)** on these motions.

(2)      The Plaintiff's motion **(#111)** to strike Defendant Nalley's motion to dismiss is

**DENIED**.

(3)      The Plaintiff's motions for a hearing **(#112, #162)** are **DENIED**.

(4)      The Plaintiff's motion **(#119)** asking the Court to strike "answers," requesting a

hearing to determine whether administrative remedies are available, and asking the

Court to hold the Defendants in contempt of the Court is **DENIED**.

(5)      The Plaintiff's motion **(#122)** to hold the Defendants in contempt for failing to

serve the Complaint on Defendant S. Allen - EMT is **DENIED**, as moot.

(6)      The Plaintiff's "Motion to Take Leave of Court Pending Administrative Remedy

Procedures" **(#147)** is **DENIED, IN PART,** and **GRANTED, IN PART**. The

Plaintiff's request for appointment of counsel is **GRANTED**.  The Clerk of Court

shall canvass the *pro bono* panel to determine whether any qualified attorney is

willing to accept appointment subject to the terms outlined above.  If an attorney

---

[4] Their opposition brief incorporates itself **(#160)** by reference.

agrees to undertake volunteer representation or, if upon a canvassing the entire eligible panel, no attorney has expressed a willingness to accept appointment, the Clerk of Court shall promptly file and serve on all parties a notice to that effect. Unless and until a volunteer attorney is secured, the Plaintiff remains personally obligated to comply with all procedures and deadlines established in this case.  In all other respects, the motion is **DENIED**.

(7)     The Plaintiff's "Motion for Permission to Take Leave of Court for Constitutional Challenge of Court Order" **(#158)** is **DENIED**.

(8)     The motion to file an Amended Complaint **(#156)** is **GRANTED**.  The Clerk of Court shall separately file and docket the Amended Complaint attached to the motion.

(9)     The motion to withdraw claims **(#155)** asserted in the Original Complaint is **DENIED,** as moot.

(10)    The motions to dismiss **(#77, #91, #94, #95, #96, #97, #98, #100, #101, #125 and #146)** are **DENIED**, as moot.

(11)    The motion for an extension of time to file a certificate of review **(#153)** is **GRANTED**.

(12)    The Defendants shall file a responsive pleading or a single motion to dismiss the Amended Complaint by **March 2, 2007.**  The Plaintiff shall have until **April 6, 2007** to respond to any motion to dismiss and to file a certificate of review in support of any medical negligence claim with the Court.

(13)    Any motion to dismiss, and any response to such motion, shall each not exceed 30

15

pages in length.  Any reply shall not exceed 15 pages in length.

Dated this 5th day of February, 2007

                    BY THE COURT:

                    _____
                    Marcia S. Krieger
                    United States District Judge